■ In the Matter of RICHARD DOLINSKY, Respondent, v DEPARTMENT OF CONSUMER AFFAIRS, Appellant.—Order and judgment (one paper), Supreme Court, New York County (Francis N. Pecora, J.), entered October 16, 1985, which modified a determination of the Department of Consumer Affairs that had revoked petitioner's license as a process server and imposed fines of $2,450 for filing false affidavits and $400 for failure to keep proper records, reduced the aggregate fine to $900, and reduced the revocation to a suspension until Octo-

ber 25, 1985, reversed, on the law, the determination of the Department of Consumer Affairs is reinstated, and the petition is dismissed, without costs.

Following a hearing pursuant to a notice directing petitioner to show cause why his license as a process server should not be revoked, respondent's Hearing Officer determined that petitioner had committed 11 violations of its rules and regulations, seven relating to a failure to comply with laws relating to the conduct of licensees, the service of process and the filing of affidavits involving false affidavits of service, and four violations for failing to keep adequate and accurate records, revoked petitioner's process server's license, and imposed a fine of $2,850.

Concluding that the violations all involved essentially bookkeeping errors, Special Term granted the petition to the extent of reducing the aggregate fine to $900 and reduced the revocation to a suspension of petitioner's license until October 25, 1985.

After a study of the record, we are persuaded that respondent's determination was supported by substantial evidence, and that respondent could reasonably have concluded that petitioner filed false affidavits. Although we doubt the appropriateness of fixing so substantial a fine in addition to the revocation of petitioner's license, we are not persuaded that the penalty imposed was so shocking to one's sense of fairness as to justify a modification of the penalty. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.